IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILIP HUNTER JOCHEM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CHARLES E. ORTEGA, JEFFREY MARK FRITZ, NEXTGEN MANAGEMENT GROUP, LLC, NEXTGEN WELLNESS GROUP, INC., AND FOJ PROPERTY GROUP, LLC, | § § § § § § § § | CIVIL ACTION No. 3:22-CV-01890 |
| Defendants. | § | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT

Defendants Charles E. Ortega, Jeffery Mark Fritz,[1] Nextgen Management Group, LLC, Nextgen Wellness Group, Inc., and FOJ Property Group, LLC (collectively, "Defendants") move to dismiss the Plaintiff's declaratory judgment claims contained in paragraphs 182, 183, 188, 189, 190, and 191 of Plaintiff's Complaint and Plaintiff's claim for partition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants request that the Court dismiss the declaratory judgment and partition claims with prejudice. Further, Defendants request that the Court enter an order requiring Plaintiff to provide a more definite statement of his Complaint pursuant to Federal Rule of Civil Procedure 12(e).

### I.    INTRODUCTION

Plaintiff Philip Hunter Jochem ("Plaintiff") has asserted, among other causes of action, claims for declaratory judgment and partition. (*See* Dkt. 1 at 41, 42, 48). However, each of these claims is defective because: (1) several of the Plaintiff's requests for declaratory judgment are

---

[1] Defendant Jeffery Mark Fritz is improperly named in this lawsuit as "Jeffrey Mark Fritz."

improper; and (2) Plaintiff requests partition of real estate that he identifies in his Complaint is wholly owned by Defendant FOJ Property Group, LLC and not owned, even in part, by Plaintiff. Defendants therefore respectfully request that the Court dismiss these claims.

Additionally, Plaintiff's Complaint contains multiple vague and ambiguous claims that Defendants cannot adequately respond to. Plaintiff's conspiracy claim alleges only that "Defendants [Charles] Ortega and [Jeffery] Fritz committed one or more of the tortious wrongful acts" and that "Ortega and Fritz have caused themselves and [Defendant Nextgen Management Group, LLC] to engage in one or more acts in furtherance of the conspiracy." (*Id.* at 46 ¶ 213). Moreover, Plaintiff's asserts his conspiracy claim against all Defendants but includes no allegations whatsoever pertaining to Wellness or FOJ. (*Id.* at 46 ¶¶ 212-216). As such, Plaintiff's conspiracy claim "is so vague or ambiguous that [Defendants] cannot reasonably prepare a response" to Plaintiff's claim. Fed. R. Civ. P. 12(e). Similarly, Plaintiff alleges in his breach of contract claim that "Ortega and Fritz breached the terms of . . . other agreements of which Plaintiff was a third-party beneficiary," without identifying to which contracts he refers, rendering the allegation so vague that Defendants cannot prepare a response. (Dkt. 1 at 45 ¶ 206). As such, Defendants respectfully request that the Court order Plaintiff to make a more definite statement as to his conspiracy and breach of contract claims.

## II.    BACKGROUND

Plaintiff and Defendants Dr. Jeffery Fritz ("Fritz") and Charles Ortega ("Ortega") are co-equal members of Nextgen Management Group, LLC ("Management"), which is itself the sole member Nextgen Wellness Group, Inc. ("Wellness"), a non-profit health organization that operates pain management, physical therapy, and injury clinics. Plaintiff, Fritz, and Ortega are also co-equal members of FOJ Property Group, LLC ("FOJ"). On April 25, 2022, by written consent,

2

Management removed Plaintiff as the sole Manager of Management and expelled him as a member pursuant to the terms of the company's Operating Agreement. Each of Plaintiff's claims in this action (with the arguable exception of the partition claim against FOJ) stem from Plaintiff's removal and expulsion.

### III.     ARGUMENTS AND AUTHORITIES

#### A. Legal Standards.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff "does not need detailed factual allegations" but must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). If factual allegations are not sufficient "to raise a right to relief above the speculative level," the claim should be dismissed. *Twombly*, 550 U.S. at 555.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *Sisk v. Tex. Parks and Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981).

#### B. Plaintiff Has Asserted Improper Declaratory Judgment Claims.

Plaintiff's first cause of action requests that the Court make more than a dozen declarations concerning the parties. Under the Declaratory Judgments Act (DJA), a person may request that a court determine the rights or other legal relations of an interested party. *See* 28 U.S.C. § 2201(a).

However, to obtain a declaratory judgment, there must be a justiciable controversy as to the rights or other relations of parties that the declaration sought will resolve. *See id.*

### i.    Plaintiff's Requested Declarations as to Factual Issues Are Improper.

Plaintiff requests that the Court declare that: (1) Fritz breached the Management Membership Interest Purchase Agreement; (2) Fritz and Ortega breached the Management Operating Agreement; (3) cause did not exist to remove Plaintiff as a manager of Management; (4) Ortega and Fritz breached Section 6.13 of the Management Operating Agreement; (5) no grounds existed under Section 15.01 of the Management Operating Agreement to expel Plaintiff as a member; and (6) in the event such grounds for expulsion existed, none of such grounds fell under Section 15.01(i)-(v). (Dkt. 1 at 41-42 ¶¶ 182, 183, 188-191).

Each of the foregoing items are purely factual disputes that may not be resolved by declaratory relief. *See, e.g.*, *Gibson v. Liberty Mut. Group, Inc.*, 778 F. Supp. 2d 75, 79 (D.D.C. 2011) (holding that "purely factual" questions "are not appropriate for declaratory relief"). Although Plaintiff notes that he seeks entry of an order "declaring *facts*, rights, status, and legal obligations," (Dkt. 1 at 41 ¶ 178 (emphasis added)), the DJA permits a court to "declare the rights and other legal relations of any interested party," notably excluding the ability to seek a declaration as to facts. 28 U.S.C. § 2201(a). Whether Fritz and Ortega breached certain agreements and whether cause existed to remove Plaintiff as a manager or expel him as a member of Management are strictly factual matters, and the requested declarations would not "declare the rights or other legal relations" of any party, as required by the DJA. *Id.*; *see also Pediatrix Med. Grp. of Florida, Inc. v. Aetna Inc.*, Case No. 18-60908-CIV, 2018 WL 4997092, at *6 (S.D. Fla. Aug. 27, 2018) ("[A] legal dispute over the correct interpretation of a contract is an appropriate subject for declaratory relief. A factual dispute over whether a party breached a contract is not."). Because the

foregoing requests for declaratory relief are solely factual issues, they cannot be resolved by declaratory judgment, and the Court should dismiss them as a matter of law.

  **ii. Plaintiffs Requested Declarations that Are Duplicative of His Breach of Contract Claim Are Improper.**

Several of Plaintiff's requests for declarations are duplicative of his breach of contract claim, and, as such, the declaratory relief he seeks is improper. Specifically, Plaintiff requests that the Court declare that: (1) Fritz breached the Management Membership Interest Purchase Agreement; (2) Fritz and Ortega breached the Management Operating Agreement; and (3) Ortega and Fritz breached Section 6.13 of the Management Operating Agreement. (*See* Dkt. 1 at 41 ¶ 182, 183, 189). Not only are all of these purely factual issues, as addressed above, each are encompassed by Plaintiff's breach of contract claim, which alleges that "Ortega and Fritz breached the terms of the Operating Agreement, Membership Interest Purchase Agreements, and other agreements of which Plaintiff was a third-party beneficiary." (Dkt. 1 at ¶ 206). However, "[w]here declaratory relief is duplicative of a legal claim, a court can dismiss the declaratory relief claim from the suit as a matter of law." *Ladd v. Colonial Sav., F.A.,* No. 3:13-CV-1817-P, 2014 WL 1393038, at *5 (N.D. Tex. Apr. 10, 2014) (dismissing declaratory judgment action where relief was duplicative of breach of contract claim). As the Fifth Circuit has made clear, "[t]he purpose of the Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty," not settle disputes that the party alleges have already ripened into breaches. *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949). As such, these declarations are improper and should be dismissed.

  **iii. The Court Lacks Jurisdiction to Enter Plaintiff's Requested Declaration Relating to FOJ.**

Without identifying an actual justiciable controversy, Plaintiff seeks some nonspecific "declaration of his rights associated with his shared ownership of FOJ Property Group, LLC."

(Dkt. 1 at 42 ¶ 192). "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists," meaning that there is "a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (first quote); *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986) (second quote). Here, however, Plaintiff pleads no "actual controversy" between himself and Fritz, Ortega, or FOJ relating to "his rights associated with his shared ownership" of FOJ. Although Plaintiff notes that the requested declaration should include, but not be limited to, his rights as to "shared management and control thereof, entitlement to books and records of [FOJ], and any distributions of past and future revenue generated by [FOJ]," Plaintiff has pleaded no allegation that there is any dispute among himself and Fritz, Ortega, or FOJ relating to these rights. He does not allege, for example, that he has requested and been denied the books and records of FOJ or that Fritz, Ortega, or FOJ have denied his right to past or future distributions. Nothing in the Complaint indicates that there is any "actual controversy" concerning Plaintiff's "rights associated" with his membership in FOJ, and the Court therefore lacks subject-matter jurisdiction to make this declaration.

### C. Plaintiff Lacks Standing to Seek Partition of Property Owned by FOJ.

Despite admitting that FOJ "owns [the] commercial building" at issue, Plaintiff improperly seeks partition of the building that he does not own. (Dkt. 1 at 48 ¶ 225). The Texas Property Code provides that "[a] joint owner . . . of real property or an interest in real property . . . may compel a partition of the interest or the property among the joint owners." Tex. Prop. Code § 23.001. Further, Texas courts are clear that a party must be a joint owner and have equal right to possession of the property with other joint owners to bring an action for partition. *See, e.g.*, *Brelsford v. Scheltz*, 564 S.W.2d 404, 406 (Tex. App.—Houston [1st Dist.] 1978) (noting that, in a partition action, the plaintiff has "the burden of proving joint ownership and an equal right to possession with the other

6

joint owners"). But, according to Plaintiff's Complaint, Plaintiff is not a joint owner of the building he seeks to partition. Rather, he owns a membership interest in FOJ, which is the sole owner of the building. (Dkt. 1 at 40 ¶ 174). Under Texas law, a member in a limited liability company has no ownership interest in the property owned by the entity. *See* Tex. Bus. Orgs. Code § 101.106(b). ("A member of a limited liability company . . . does not have an interest in any specific property of the company."). Because Plaintiff's Complaint makes clear that he does not own an interest in the building, as required by the Texas Property Code, he does not have standing to seek partition of the building, and the claim should be dismissed.

    **D. Plaintiff's Conspiracy and Breach of Contract Claims Require a More Definite Statement.**

Plaintiff's conspiracy claim against all Defendants "is so vague or ambiguous that [Defendants] cannot reasonably prepare a response" to it. Fed. R. Civ. P. 12(e). Plaintiff asserts only that "Defendants Ortega and Fritz have formed and acted in furtherance and engaged in a civil conspiracy with each other to commit one or more of the tortious wrongful acts alleged herein" and that "Ortega and Fritz have caused themselves and [Management] to engage in one or more acts in furtherance of the conspiracy." (*Id.* at 46 ¶ 213). The Complaint fails to identify any tort or other wrongful act that Defendants are alleged to have conspired to commit or any actions taken by Defendants in furtherance of such conspiracy. Additionally, although brought against all Defendants, Plaintiff includes no conspiracy allegations relating to Wellness or FOJ. Without identifying any such acts or any allegations at all pertaining to two of the five defendants, Plaintiff's conspiracy claim "does not contain sufficient information to allow a responsive pleading to be framed," and the Court should order Plaintiff to make a more definite statement of his conspiracy claim. *Sisk*, 644 F.2d at 1059.

Similarly, Plaintiff's breach of contract claim is missing crucial information that renders it "so vague or ambiguous that [Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Plaintiff's Complaint alleges that "Ortega and Fritz breached the terms of . . . other agreements of which Plaintiff was a third-party beneficiary," without identifying to what "other agreements" he refers. (Dkt. 1 at 45 ¶ 206). Plaintiff has brought a claim for breaches of various contracts but has entirely obscured the nature of the contracts, withholding identification of the parties to the contract(s), the title of the contract(s), and the provision(s) allegedly violated. Defendants cannot respond to an allegation of breach when they have no knowledge of which contract(s) Plaintiff is suing on. The Court should therefore order Plaintiff to make a more definite statement as to his breach of contract claim to expressly identify the contract(s) he alleges Defendants have breached.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's claims for declaratory judgment identified herein and partition, order Plaintiff to make a more definition statement of his Complaint as outlined herein, and grant Defendants all such further relief to which they may be justly entitled.

Respectfully submitted,

By: */s/ Michael C. Kelsheimer*
MICHAEL C. KELSHEIMER
Texas Bar No. 15109200
mkelsheimer@graygreed.com
JACOB A. LEWIS
Texas Bar No. 24087924
jlewis@grayreed.com

GRAY REED & MCGRAW LLP
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 954-4135 – Telephone
(214) 953-1332 – Facsimile

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 7, 2022, a true and correct copy of the foregoing document was served upon Plaintiff's counsel of record via the Court's ECF system as follows:

Jules P. Slim
P.O. Box 140307
Irving, TX 75014
jslim@slimlawfirm.com

*/s/ Michael C. Kelsheimer*
Michael C. Kelsheimer

9